United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 3, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10129
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

C. W. GRIFFIN, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-306-12
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

C. W. Griffin, Jr., appeals his 57-month sentence for
conspiracy to possess a counterfeit security of an organization
with intent to deceive another person, in violation of 18 U.S.C.
§§ 371, 513(a). Although Griffin signed a waiver-of-appeal
provision as part of his written plea agreement and the
Government seeks to enforce that waiver, we pretermit discussion
of the validity of that waiver because Griffin is not entitled to
relief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Griffin argues that the district court erroneously enhanced his sentence pursuant to U.S.S.G. § 3B1.1(a) for his leadership role in the offense and argues that the court should instead have imposed a management enhancement under § 3B1.1(b). Factors that the court should consider in distinguishing a leadership role from a management role include "the nature of participation in the commission of the offense, the recruitment of accomplices, . . . and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, comment. (n. 4). The presentence report (PSR), which the district court adopted, states that Griffin recruited 11 of the conspiracy's 26 participants, whom he instructed in the counterfeit check-cashing conspiracy and transported to banks that he had selected. The PSR also reflects that Griffin was responsible for recruiting more participants and directing substantially more activity than were the organization's other recruiters.

Because Griffin's status as a leader or organizer of the offense is plausible in light of the record as a whole, we find no clear error. See United States v. Villanueva, 408 F.3d 193, 204 (5th Cir. 2005). The judgment of the district court is AFFIRMED.